## MILLER & HART, Inc. v. MORRIS PACKING CO. OF MISSOURI.

### No. 4897.

District Court, W. D. Missouri, W. D.
Dec. 16, 1947.

McClintock & Quant, of Kansas City, Mo., for plaintiff.

John C. Pohlmann and J. Arnot Hill, both of Kansas City, Mo., for defendant.

REEVES, District Judge.

The complainant avers that through a broker it sold a carload of merchandise to the defendant for delivery at a specified date. After the merchandise had been acquired and prepared for shipment it is asserted by the complainant that the defendant canceled the order, whereupon the plaintiff disposed of the merchandise at best advantage and now sues for the loss or damage claimed by the breach of contract.

The motion by defendant is for a statement as to "when said hams were procured or from whom said hams were procured * * * date of sale or the person or persons to whom said car was sold," and a more definite statement as to the necessity for the use of freight or the payment of freight in the sale or disposition made ·of said hams.

1. It is to be noticed from the complaint there is no ambiguity as to the nature of the claim. It is a simple case of a suit for an alleged breach of contract with respect to the sale and delivery of a carload of merchandise. The facts inquired about are such as may be obtained by interrogatories, requests for admissions, or by depositions.

2. In this case a motion for a more definite statement performs precisely the office of a motion for a bill of particulars. As said by Judge Holtzoff in his text entitled New Federal Procedure and the Courts, p. 35: "Although there are some intimations to the contrary, it has been definitely held that these two motions are indistinguishable and interchangeable." There are cases, however, where a motion for a more definite statement would perform the valuable function of clarifying the claim. Rule 12 (e), 28 U.S.C.A. following section 723c, is to be amended, unless the Congress rejects the proposal. Upon the conditions fixed by the Supreme Court the amended rules of federal procedure will become effective on or about April 1, 1948. The amendment proposed to Rule 12(e) accords with the rulings heretofore made by the courts. It eliminates the motion for a bill of particulars and specifies the conditions upon which a motion for a more definite statement may be made, as follows: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading he may move for a more definite statement before interposing his responsive pleading." This proposed amendment to the rule is precisely in accord with the decisions of the judges with respect to the rule as it was formerly adopted.

There is nothing vague or ambiguous in the complaint in this case. On the contrary, the defendant in its memorandum supporting the motion for a more definite statement admirably states the issue.

3. In proposing amendments to the rules the committee took occasion to say concerning Rule 12(e): "Rule 12(e) as originally drawn has been the subject of more judicial rulings than any other part of the rules, and has been much criticized by commentators, judges and members of the bar."

As heretofore indicated, the facts sought by defendant can be obtained (not for the purposes of answering, as the issue tendered is a clear one, but for the purposes of a trial), either by a request for admission or by interrogatories or by depositions. The two former would be much less expensive. It should be suggested, moreover, that the burden will be upon the plaintiff to approve nearly all, if not all, the facts requested in the motion.

In view of the above the motion should be and will be overruled.